2009 ND 93
State of North Dakota, Plaintiff and Appellee
v.
Matthew Christopher Kurtenbach, Defendant and Appellant
Nos. 20080338, 20080340
Supreme Court of North Dakota.
Filed June 17, 2009
Bryan David Denham, Assistant State's Attorney, Burleigh County Courthouse, 514 East Thayer Avenue, Bismarck, ND 58501, for plaintiff and appellee.
Benjamin C. Pulkrabek, 402 1st Street NW, Mandan, ND 58554-3118, for defendant and appellant.
Per Curiam
Per Curiam.
[¶ 1] Matthew Kurtenbach appeals three district court judgments entered after he plead guilty to theft by deception, theft of property, forgery, giving false information to law enforcement and three counts of unauthorized use of personal identifying information. Kurtenbach argues he should be allowed to withdraw his guilty pleas because the district court did not follow N.D.R.Crim.P. 11(b)(1)(D) procedures when it accepted his guilty pleas without advising him of his right to testify and present evidence. The record reflects the district court substantially complied with N.D.R.Crim.P. 11(b)(1)(D). See Klose v. State, 2008 ND 143, ¶ 19, 752 N.W.2d 192 ("The [district] court must substantially comply with N.D.R.Crim.P. 11(b) when it accepts a guilty plea.").
[¶ 2] Kurtenbach also argues an insufficient factual basis exists to accept his guilty plea on the theft by deception charge. In addition, Kurtenbach claims he should have been charged with only unauthorized use of personal identifying information instead of with both theft of property and unauthorized use of personal identifying information. These issues were not raised before the district court and will not be considered for the first time on appeal. See State v. Kieper, 2008 ND 65, ¶ 16, 747 N.W.2d 497 (holding issues raised for the first time on appeal will not be considered). Furthermore, the record reflects the factual basis established for the theft by deception charge was sufficient to support Kurtenbach's guilty plea. See State v. Bates, 2007 ND 15, ¶¶ 8, 11, 726 N.W.2d 595 (holding a sufficient factual basis exists if it addresses each of the essential elements of the crime charged). Moreover, the theft of property and unauthorized use of personal identifying information crimes require proof of different conduct so that charging both was not improper. See N.D.C.C. §§ 12.1-23-02, 12.1-23-11 and State v. Stensaker, 2007 ND 6, ¶ 31, 725 N.W.2d 883. We summarily affirm the district court's judgments under N.D.R.App. 35.1(a)(7).
[¶ 3] Gerald W. VandeWalle, C.J.
Daniel J. Crothers
Mary Muehlen Maring
Carol Ronning Kapsner
Dale V. Sandstrom